UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO HERNANDEZ,

    Plaintiff,

vs.                                                COMPLAINT

HART FITNESS, INC., a Florida profit corporation, and KEVIN A. HART, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff JULIO HERNANDEZ ("Plaintiff"), who was an employee of Defendants HART FITNESS, INC., a Florida profit corporation, and KEVIN HART, an individual (together, "Defendants"), and files this Complaint for unpaid overtime wages, liquidated damages, retaliation and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

## II.   PARTIES

3. Plaintiff JULIO HERNANDEZ ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant HART FITNESS, INC. ("HART FITNESS") is a Florida profit corporation that owns and operates Orange Theory Fitness, the company at which Plaintiff was employed, at 18455 South Dixie Highway, Miami, Florida.

5. Defendant KEVIN HART ("HART"), an individual and *sui juris*, is the sole manager and owner of HART FITNESS. HART acted directly and indirectly in the interest of HART FITNESS and had the power to direct employees' actions. HART had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at HART FITNESS in accordance with the FLSA, making Defendant KEVIN HART an employer pursuant to 29 USC § 203(d).

## III.   COVERAGE

6. During all material times, Defendant Hart Fitness, Inc. was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

8. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.   FACTUAL ALLEGATIONS

9. Defendants own and operate Orange Theory Fitness, at which Plaintiff was employed, in Miami-Dade County.

10. This action is brought pursuant to the FLSA for unpaid overtime wage compensation, retaliation, liquidated damages, and other relief.

11. Plaintiff was a non-exempt hourly employee who worked for Defendants as a sales associate and fitness trainer during the period from April 27, 2015 to November 24, 2015, approximately.

12. During this period of approximately twenty-six (26) weeks, Plaintiff estimates he worked a total of Two Hundred Sixty (260) overtime hours for which he was not paid at the overtime wage rate.

13. Throughout Plaintiff's employment, he was paid a regular wage of either $12 or $13 per hour.

14. Plaintiff was never paid one-and-a-half times his regular wage for hours worked in excess of forty per week.

15. Defendants willfully engaged in practices that denied Plaintiff the applicable overtime wage under the FLSA.

16. Plaintiff twice complained to Hart, once in a group setting and once individually, that Hart was breaking the law by not paying Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

17. Hart directly told Plaintiff that Hart would not pay him overtime.

18. After Plaintiff complained about not being paid overtime, Hart forced Plaintiff to sign an "overtime waiver" as a condition of employment, although Plaintiff cannot legally waive his right to overtime pay.

19. On or about November 24, 2015, under the pretext of Plaintiff arriving late for work (believed to be the only time in his employment), Plaintiff was terminated in retaliation for demanding his overtime wages.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

21. Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

22. Defendants willfully and intentionally failed to pay Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

23. As a direct and proximate result of Defendants' willful and intentional failure to pay Plaintiff one-and-a-half times his regular wage for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JULIO HERNANDEZ demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all overtime hours worked at one and one-half times the regular rate of pay;

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff of reasonable attorneys' fees and costs;

d) Judgment entered in favor of Plaintiff against Defendants, HART FITNESS, INC. and KEVIN HART, for payment of all hours worked over forty in a week at one and one-half times his regular rate of pay; for liquidated damages; attorneys' fees, costs, and all interest allowed by law; and

e) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

25. Plaintiff complained directly to Hart on multiple occasions that Plaintiff was not being paid overtime wages for overtime hours, in violation of the law.

26. Hart directly stated to Plaintiff that he would never pay him overtime wages, and several weeks before his termination forced him to sign an "overtime waiver" as a condition of employment, in violation of the law.

27. Hart never received his lawful overtime wages throughout the remainder of his employment and was terminated on or about November 24, 2015.

28. Defendants' motivating factor for terminating Plaintiff was Plaintiff's complaint for his lawful overtime wages.

5

29. The actual termination of Plaintiff's employment was in direct violation of 29 U.S.C. 215(A)(3) and, as a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff JULIO HERNANDEZ demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff of lost wages and liquidated damages equal to the lost wages;

b) Award to Plaintiff of front pay;

c) Award to Plaintiff of compensatory damages for emotional distress, humiliation, and pain and suffering;

d) Award to Plaintiff of punitive damages;

e) Award to Plaintiff of reasonable attorneys' fees and costs;

f) Award of pre-judgment interest; and

g) Any other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of December, 2015.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 9, 2015**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:  **s/Robert W. Brock II**
Florida Bar No. 75320
*Attorney for Plaintiff*

**HERNANDEZ v. HART FITNESS, INC. & HART
CASE NO.:**

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808